IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| AMBER D. HOWTON, | } |
| Plaintiff, | } |
| v. | } Case. No.: 6:15-cv-762-JHH |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | } |
| Defendant. | } |

### MEMORANDUM OPINION

Claimant Rodney Dwight Howton brought this action pursuant to Section 205(g) of the Social Security Act ("the Act") seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). On October 8, 2015, Amber D. Howton was substituted as the Plaintiff in this case following the death of her father, Claimant Rodney Dwight Howton.[1] (See Docs. # 10-13). For the reasons outlined below, the court finds that the decision of the Commissioner is due to be reversed because it is not supported by substantial evidence and proper legal standards were not applied.

---

[1] For clarity's sake, throughout this memorandum opinion, Amber D. Howton will be referred to as Plaintiff and Rodney Dwight Howton will be referred to as Claimant.

## I.      Proceedings Below

Claimant protectively filed his application for a period of disability and DIB on April 30, 2012, alleging a disability onset date of July 31, 2011. (R. 80, 135). On June 14, 2012, Claimant's application was denied, (R. 73-86) and on July 5, 2012 Claimant timely requested a hearing before an Administrative Law Judge ("ALJ"). (R. 89-90). An administrative hearing was held before an ALJ on August 8, 2013, in Jasper, Alabama. (R. 32-51). Both Claimant and Vocational Expert Julia A. Russell, Ph.D. testified at the hearing. (R. 32-51). Claimant was represented by counsel at the hearing. (R. 32-51).

In the September 8, 2013 decision, the ALJ determined that Claimant was not eligible for DIB because he was not under a "disability," as defined by the Act, from July 31,2011 through the date of decision. (R. 17-26). Thereafter, Claimant requested review of the ALJ decision by the Appeals Council. (R. 1-4). After the Appeals Council denied Claimant's request for review, (R. 1-4), that decision became the final decision of the Commissioner, and therefore a proper subject of this court's appellate review.

At the time of Claimant's alleged onset of disability, he was fifty-five (55) years old and had a "marginal" education ad had not completed the sixth grade. (R. 25-26, 80). Claimant's past relevant positions as a mobile home assembler and a

grass cutter. (R. 45-46). According to Claimant, he has been unable to engage in substantial gainful activity since July 31, 2011, mainly due to lower back pain and trouble breathing. (R. 20, 39-42).

At the August 8, 2013 hearing, Claimant testified that he testified that he was widowed and lived with a 75-year old woman who helped take care of him. (R. 38). She provided the house, utilities, and performed all of the shopping. (R. 38). Claimant received $200 in food stamps each month to help pay for his necessities. (R. 40).

Claimant testified that in the two years before his alleged onset date, he attempted to remain self-employed, while working at the mobile home plant three to four times per week, but was finally forced to concede that he "just couldn't do it anymore." (R. 39-40). Claimant stated that his "number one ailment" was his lower back, and that affected his legs and breathing. (R. 40- 41). According to Claimant, his lower back would "just give out on him" and caused Claimant not to be able to bend, stoop, and lift. (R. 41). Claimant testified that the pain had gotten worse since 2011. (R. 41).

Claimant further testified that he could not sit for more than 10 to 15 minutes at a time. (R. 42). He stated that he could only stand in one place for 5 to 10 minutes

and was restricted to the same times in his walking. (R. 42). Claimant testified that his back pain caused him to have to lie down for three to four hours per day between the time period of 8:00 a.m. to 5:00 p.m. (R. 42-43). The back pain also interfered with his sleep. (R. 43). Claimant stated that he was not able to afford to have a physician treat his pain and that he did not have any insurance and had not had any since 2011. (R. 43).

With regard to his breathing, Claimant testified that he simply could not breathe well. (R. 41).  He stated that he was short of breath "all the time" and had "to stop, lean up against something, [or] prop on something" until he could catch his breath. (R. 41).  Hot air, humidity, fumes and dust made his breathing problems worse.  (R. 41-42).

As far as daily activities, in his Function Report, Claimant stated that he tries to shower every day but "some days are so bad I cannot get in the shower." (R. 166). On some days, he attempted to do light housework to help out, but mostly he "watched TV and lived in pain." (R. 166).  He stated that he dressed and bathed in pain, and even his hair care caused him some pain. (R. 167).  Additionally, Claimant stated that it was "very hard" for him to use the toilet. (R. 167).  He prepared his own meals, but the meals consisted of sandwiches. (R. 168).  He could shop once a week for about fifteen minutes and could ride in a car on the rare occasions he was outside.

(R. 169). Although Claimant stated that he did attend church on Sundays, he could not get out much otherwise because of the pain and frequently needing the bathroom.[2] (R. 171).

## II.   ALJ Decision

Determination of disability under the Social Security Act requires a five-step analysis. *See* 20 C.F.R. § 404.1 *et. seq*. First, the Commissioner determines whether the claimant is working ("Step One"). Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities ("Step Two"). Third, the Commissioner determines whether claimant's impairment meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations ("Step Three"). Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work ("Step Four"). The claimant's residual functional capacity consists of what the claimant can do despite his impairment. Finally, the Commissioner determines whether the claimant's age, education, and past work experience prevent the performance of any other work ("Step Five"). In making a final determination, the Commissioner will use the Medical-Vocational Guidelines in Appendix 2 of Part 404

---

[2] Claimant testified about his prostate problem, but admitted that he could work with that problem alone; it was his lower back that was truly debilitating. (R. 42).

of the Regulations when all of the claimant's vocational factors and the residual functional capacity are the same as the criteria listed in the Appendix. If the Commissioner finds that the claimant is disabled or not disabled at any step in this procedure, the Commissioner will provide no further review of the claim.

The court recognizes that "the ultimate burden of proving disability is on the claimant" and that the "claimant must establish a *prima facie* case by demonstrating that he can no longer perform his former employment." *Freeman v. Schweiker*, 681 F.2d 727, 729 (11th Cir. 1982) (other citations omitted). Once a claimant shows that he can no longer perform his past employment, "the burden then shifts to the [Commissioner] to establish that the claimant can perform other substantial gainful employment." *Id.*

The ALJ found that Claimant meets the insured status requirements of the Act through December 31, 2011, (R. 19, No. 1), and that he has not engaged in substantial gainful activity since his alleged onset of disability on July 31, 2011. (R. 20, No. 2). The ALJ found that, during the relevant time period, Claimant suffered from the medically determinable impairments of disorders of the back and hypertension, which he characterized as "severe." (R. 20, No. 3). Nevertheless, he determined that Claimant did not have an impairment or combination of impairments that meet or medically equal the criteria of an impairment listed at 20 C.F.R. pt. 404, subpt. P, app.

1. (R. 22, No. 4). According to the ALJ, Claimant's subjective complaints concerning his alleged impairments and their impact on his ability to work are not fully credible due to the degree of inconsistency with the medical evidence established in the record. (R. 23-24, No. 5).

Based upon his review of the record, the ALJ concluded that Claimant retains the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. 404.1567(c) that allows for occasional stooping and crouching and a temperature-controlled environment. (R. 22, No. 5). With the help of testimony from a VE, the ALJ found that Claimant could not return to his past relevant work, which is heavy and semi-skilled in nature, (R. 24, No. 6), although he did determine there are jobs that exist in significant numbers that Claimant can perform, even considering his age, education, work experience, and RFC. (R. 25, No. 10). Specifically, the ALJ relied on the VE's testimony that Claimant could perform certain medium occupations that exist in significant numbers in the regional and national economy, such as hand packager, dining room attendant, and box maker. (R. 26, No. 10). Thus, the ALJ found that Plaintiff was not under a "disability" from July 31, 2011, through the date of the decision. (R. 26, No. 11).

### III. Plaintiff's Argument for Remand or Reversal

Plaintiff seeks to have the ALJ's decision, which became the final decision of the Commissioner following the denial of review by the Appeals Council, reversed, or in the alternative, remanded for further consideration. (Doc. # 20). Specifically, Plaintiff argues that the ALJ's decision is not supported by substantial evidence and improper legal standards were applied because the ALJ (1) "failed to properly evaluate Mr. Howton's credibility" and (2) "posed an incomplete hypothetical question to the Vocational Expert." (Doc. #20 at 14-26).

### IV. Standard of Review

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision,  *see* 42 U.S.C. § 405 (g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the correct legal standards were applied, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's findings are conclusive if supported by "substantial evidence."  *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial

evidence. *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

**V.    Discussion**

Plaintiff argues that the decision of the ALJ should be reversed because the ALJ did not apply the appropriate legal standards in addressing Claimant's credibility. Specifically, Plaintiff contends that the ALJ erred in the following ways: (1) dismissal of Claimant's inability to afford medical treatment; and (2) selective

review of the objective medical evidence.[3]  The court agrees for the reasons stated below.

In this circuit a "pain standard" is applied "when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995). The standard requires a claimant to show "evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986). "[W]hether objective medical impairments could reasonably be expected to produce the pain complained of is a question of fact . . . subject to review in the courts to see if it is supported by substantial evidence." *Id.*

"[A] claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). "If the ALJ decides not to credit

---

[3] Additionally, Plaintiff argues that the decision should be reversed because the ALJ posed an incomplete hypothetical question to the VE. The court notes that the Commissioner did not respond to this argument. That being said, however, the court does not consider this argument in its decision because reversal is warranted for other reasons.

such testimony, he must articulate explicit and adequate reasons for doing so." *Id.* "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Id.*

However, an ALJ's decision that "focus[es] upon one aspect of the evidence and ignor[es] other parts of the record" is not supported by substantial evidence. *McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986). Likewise, when a court reviews the ALJ's decision, it should not affirm unless the record as a whole shows that the decision is supported by substantial evidence. "It is not enough to discover a piece of evidence which supports that decision, but to disregard other contrary evidence. The review must take into account and evaluate the record as a whole." *Id.* (citing *Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 487–88 (1951)).

In discrediting Claimant's subjective complaints of pain, the ALJ focused on Claimant's lack of medical treatment as well as reports from treating and examining practitioners and clinical findings upon examination. (R. 23-24). Upon review of the entire record, however, the court finds that the ALJ's credibility finding is not supported by substantial evidence.

With regard to lack of medical care, the ALJ stated that "the claimant has not generally received the type of medical treatment one would expect for a disabled individual or for someone who has to lie down for up to 4 hours during the day as

alleged" and noted that Claimant had "not sought treatment for back-related pain." (R. 23). These statements misconstrues the record on a number of fronts. First, although passively acknowledging that "cost of treatment has been an obstacle to obtaining medical care," (R. 23), the ALJ relied on the fact that Claimant sought care at the emergency room for acute problems such as a urinary tract infection or a skin disorder. Although not said directly, the implication by the ALJ is that Claimant should have sought treatment for his chronic pain via the emergency room as well. This reasoning is nonsensical as emergency rooms do not exist for the treatment and management of chronic pain, and the ALJ should not have penalized Claimant for not using the emergency room as such.

Instead, the record is clear that Claimant could not afford treatment for his chronic back pain. The ALJ had an obligation to "scrupulously and conscientiously probe" into the reasons underlying Claimant's course of treatment (or lack thereof), yet there is nothing in the record indicating the ALJ fully inquired into or thoughtfully considered Claimant's financial ability to seek medical care or pay for any medicines. *See Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Because a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record. *Id.* This obligation exists even if the claimant is represented by counsel. *Id.* (citing *Thorne v. Califano*, 607 F.2d 218, 219

(8th Cir. 1979)). This duty requires the ALJ to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Cowart*, 662 F.2d at 735 (citations omitted). The ALJ must be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Id.* The ALJ's determination that Claimant's testimony is not credible is not supported by substantial evidence because the ALJ failed to fully and fairly develop the record with respect to Claimant's ability to pursue medical treatment. *See id.*

Additionally, the ALJ discredited Claimant's subjective complaints of pain in his review of the objective medical evidence, including reports from treating and examining physicians. As Plaintiff's brief highlights (doc. # 20 at 16-25), however, the ALJ seems to pick and choose among the medical findings and relies only upon the evidence unfavorable to Claimant. For example, the ALJ dismissed the objective findings of Dr. Bowen of limited motion in flexion and rotation of the upper spine with lumbar x-rays showing "compression of L4 body. Severe degenerative changes L3, 4,5." (R. 270). But this dismissal was based upon the examination of Claimant by Dr. Moizuddin who did not x-ray Claimant and whose examination pre-dated that of Dr. Bowen. Additionally, the ALJ rejected every objective finding of hypertension, including Dr. Moizuddin's, whose opinion he otherwise gave great weight, and Dr. Carmichael, whose opinion he gave some weight. (R. 23-24). He

13

also dismissed the diagnosis of "possible" COPD by the CE, but in doing so used the otherwise totally disregarded functional capacity assessment by Dr. Bowen . (R. 24).

The court concludes that the ALJ neglected to consider all of the objective evidence and to consider the combined impact of all the findings regarding Claimant's pain and overall condition. The ALJ "reached the result that it did by focusing upon one aspect of the evidence and ignoring other parts of the record. In such circumstances, [the court] cannot properly find that the administrative decision is supported by substantial evidence." *McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986). Simply put, "[t]he review must take into account and evaluate the record as a whole." *Id.*

## VI. Conclusion

For the reasons stated above, the Commissioner's final decision is due to be remanded for further consideration consistent with this opinion. A separate order will be entered.

**DONE** this the ___24th___ day of May, 2016.

*[signature: James H. Hancock]*

SENIOR UNITED STATES DISTRICT JUDGE